1   STEVEN C. MITCHELL, ESQ., SBN 124644
    ROBERT W. HENKELS, ESQ., SBN 255410
2   GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
    37 Old Courthouse Square, Fourth Floor
3   Santa Rosa, California   95404
    Telephone:  (707) 545-1660
4   Facsimile:  (707) 545-1876

5   Attorneys for Defendants
    CITY OF ROHNERT PARK, OFFICER DEAN BECKER
6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  BRENDAN JOHN RICHARDS, THE          CASE NO.:  CV 11-2493 SI and
    CALGUNS FOUNDATION, INC., and THE              CV-10-1255 SI
12  SECOND AMENDMENT FOUNDATION,
    INC.,                               **DEFENDANTS CITY OF ROHNERT
13                                      PARK AND OFFICER DEAN BECKER'S
         Plaintiffs,                    MOTION TO DISMISS THIRD AND
14                                      FOURTH CLAIMS FOR RELIEF OF
         v.                             PLAINTIFFS' AMENDED
15                                      CONSOLIDATED COMPLAINT**
    KAMALA HARRIS, Attorney General of
16  California (in her official capacity),   Date:   February 24, 2012
    CALIFORNIA DEPARTMENT OF JUSTICE,   Time:   9:00 a.m.
17  CITY OF ROHNERT PARK, OFFICER DEAN  Ctrm:   10, 19th Floor
    BECKER and DOES 1 to 20,
18
         Defendants.
19

20

21

22

23

24

25

LAW OFFICES OF
26
**Geary,
Shea,
27 O'Donnell
Grattan &
mitchell
28 P.C.**

# TABLE OF CONTENTS

\* \* \*

I.      Notice of Motion ...................................................................................... 1

II.     Relief Requested........................................................................................ 1

III.    Introduction ............................................................................................... 1

IV.     Summary of Facts...................................................................................... 2

V.      Claims Subject to Dismissal...................................................................... 4

VI.     The California Assault Weapon Control Act ............................................ 5

VII.    Procedural History/DOJ's Motion to Dismiss.......................................... 6

VIII.   Legal Argument......................................................................................... 7

        1.      Whether a Rifle – Otherwise Classifiable as an Assault Rifle –
                Equipped With a "Bullet Button" Violates the Assault Weapons
                Control Act Was Not Clearly Established Law At The Time of
                Brendan Richards' Arrest and, Therefore, Officer Dean Becker
                Is Protected By Qualified Immunity ............................................ 7

        2.      Officer Dean Becker Cannot Be Liable for Inspecting Brendan
                Richards' Firearms as This Action Was Supported By Clearly
                Established Law ........................................................................... 10

        3.      Plaintiffs Fail to Allege Facts Sufficient to Establish a Claim
                Against the City of Rohnert Park, a Public Entity ..................... 10

        4.      Plaintiffs' Allegations Do Not Establish a Realistic Threat of
                Future Injury By the Rohnert Park Department of Public
                Safety and They Cannot Establish That It is Likely That Their
                Injury Will Be Redressed By A Favorable Decision By This
                Court.  Accordingly, Plaintiffs Lack Standing to Sue the City
                Of Rohnert Park and Officer Dean Becker for Equitable Relief.......................... 11

        5.      Plaintiffs Calguns and the Second Amendment Foundation
                Lack Organizational Standing ..................................................... 14

IX.     Conclusion................................................................................................ 15

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

# TABLE OF AUTHORITIES

\* \* \*

## <u>CASES</u>

### <u>FEDERAL</u>

*Ashcroft v. Iqbal* (2009)
    5129 S. Ct. 1937 ........................................................................................ 11

*City of Los Angeles v. Lyons*
    461 U.S. 95 .................................................................................... 6, 7, 12

*Friends of the Earth v. Laidlaw* (2000)
    528 U.S. 167 .......................................................................................... 11

*Harlow v. Fitzgerald* (1982)
    457 U.S. 800 ............................................................................................ 7

*Hunter v. Bryant* (1991)
    502 U.S. 224 ............................................................................................ 8

*Jennings v. Joshua Independent School Dist.* (5th Cir. 1989)
    877 F.2d 313 ........................................................................................... 8

*J.K.G. v. County of San Diego* (2011)
    2011 WL 5218253 ................................................................................. 11

*Lujan v. Defenders of Wildlife* (1992)
    504 U.S. 555 .................................................................................. 11, 13

*Monell v. Department of Social Services* (1978)
    436 U.S. 658 .................................................................................. 10, 11

*Monell. City of Oklahoma City v. Tuttle* (1985)
    471 U.S. 808 .......................................................................................... 11

*Pearson v. Callahan* (2009)
    555 U.S. 223 ..................................................................................... 8, 10

*People v. DeLong* (1st Dist. Cal. 1980)
    11 Cal.App.3d 786 ............................................................................... 10

LAW OFFICES OF
**Geary,
Shea,
O'donnell
Grattan &
Mitchell
P.C.**

Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

*Rodis v. City, County of San Francisco* (9th Cir. 2009)
        558 F.3d 964 ................................................................................................. 8, 9

*San Diego Cnty Gun Rights Comm. v. Reno* (9th Cir. 1996)
        98 F.3d 1121 ................................................................................................... 14

*Stoot v. City of Everett* (9th Cir. 2009)
        582 F.3d 910 ..................................................................................................... 8

*Tachiquin v. Stowell* (E.D. Cal. 1992)
        789 F.Supp. 1512 .............................................................................................. 8

*United States v. Brady* (9th Cir. 1987)
        819 F.2d 884 ................................................................................................... 10

*United States v. Portillo* (9th Cir. 1980)
        633 F.2d 1313 ................................................................................................. 10

**STATE**

*In Re Jorge M.* (2000)
        23 Cal.4th 866 ................................................................................................... 5

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

# **STATUTES**

Federal Rule of Civil Procedure
     12 (b)(1) ................................................................................................................. 1
     12 (b)(6) ................................................................................................................. 1
     42(a)   .................................................................................................................. 2


42 U.S.C.
     § 1983 ......................................................................................................... 2, 4, 10


California Penal Code
     § 12031(e) ........................................................................................................ 3, 10
     § 12275.5(a) ........................................................................................................... 5
     § 12276.1 ............................................................................................................... 5
     § 12280(b) .......................................................................................................... 3, 5

LAW OFFICES OF
**Geary,**
**Shea,**
**O'Donnell**
**Grattan &**
**Mitchell**
**P.C.**

Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

# I.

## Notice of Motion

Defendants City of Rohnert Park and Officer Dean Becker hereby move this Court and request dismissal of each and every claim for relief asserted by plaintiffs against them.  This motion is brought pursuant to Federal Rule of Civil Procedure 12, subdivisions (b)(1) and (b)(6), and on the grounds that plaintiffs are not entitled to damages as a matter of law and that plaintiffs, and each of them, lack standing to bring suit for equitable relief.  Said motion shall be heard on February 24, 2012 at 9:00 a.m. before the Honorable Susan Illston, at the San Francisco Courthouse for the United States District Court in the Northern District of California, Courtroom 10, located at 450 Golden Gate Avenue in San Francisco, California.

# II.

## Relief Requested

Defendants request that the Third and Fourth Claims for Relief of plaintiffs'  Amended Consolidated Complaint ("ACC"), the only alleged against these moving defendants, be dismissed without leave to amend.  Defendant Officer Dean Becker cannot be liable as a matter of law because his arrest and detention of plaintiff Brendan Richards is shielded by qualified immunity. Plaintiffs do not state a proper claim for relief against the City of Rohnert Park for damages and cannot establish standing to seek equitable relief.  Accordingly, each claim for relief stated against these moving defendants should be dismissed by this Court with prejudice.

# III.

## Introduction

Plaintiffs Brendan Richards, the Calguns Foundation, and the Second Amendment Foundation assert that the California Assault Weapons Control Act ("AWCA") is unconstitutionally vague and ambiguous with regards to its classification of assault rifles.  To this end, they have brought suit against California Attorney General Kamala Harris and the California Department of Justice challenging the constitutionality of that Act.  But plaintiffs also name as defendants the City of Rohnert Park and Rohnert Park Police Officer Dean Becker, seeking both civil damages for Brendan Richards' arrest and equitable relief requiring Rohnert Park to augment its policies

LAW OFFICES OF
**GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.**

concerning assault rifles.  Plaintiffs' allegations – which must be accepted as true for purposes of this motion – establish that the law concerning the classification of assault rifles is not clearly established.  Accordingly, the doctrine of qualified immunity shields Officer Dean Becker from any possible liability.  Furthermore, plaintiffs do not identify any policy or practice of the City of Rohnert Park's which caused them harm, or establish the irreparable injury necessary for equitable relief.  In sum, plaintiffs do not, and cannot, establish a proper justification to include either Officer Dean Becker or the City of Rohnert Park in this suit.  Instead, their claim for relief, in the form of an Order declaring the AWCA to be unconstitutional, is properly directed towards the State of California.  Defendants Officer Becker and the City of Rohnert Park therefore respectfully request that this Motion to Dismiss be Granted and that they be dismissed from this suit.

**IV.**

## Summary of Facts

Plaintiffs Brendan Richards, the Calguns Foundation, and the Second Amendment Foundation filed suit against California Attorney General Kamala Harris, the California Department of Justice (hereinafter, "DOJ"), Officer Dean Becker and the City of Rohnert Park on May 20, 2011 seeking relief predicated on 42 U.S.C. § 1983.  (See, Complaint, on file herein).  Plaintiff Calguns Foundation is a nonprofit organization incorporated under California law to support the California "firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners. "  (ACC, ¶7).  Plaintiff Second Amendment Foundation is a similar organization incorporated in Washington State with approximately 650,000 members nation-wide.  (See, *Id.*, ¶8).  Both Calguns and the Second Amendment Foundation are also plaintiffs in a related, similar matter, *Haynie v. Harris*, arising from the arrest and detention of Mark Haynie in the City of Pleasanton.  In its Order of June 21, 2011, this Court ordered that the two matters, *Richards v. Harris* and *Haynie v. Harris,* be consolidated for hearings pursuant to Federal Rule of Civil Procedure 42(a).  The operative complaint against the City of Rohnert Park is a consolidated complaint, combining the allegations of both Mark Haynie and Brendan Richards into one document.

///

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

- 2 -
Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

Plaintiffs' claims against Officer Dean Becker and the City of Rohnert Park, however, arise only from the arrest and detention of plaintiff Brendan Richards on or about May 20, 2010.  As plaintiffs allege, Officer Dean Becker of the Rohnert Park Department of Public Safety traveled to the local Motel 6 that night to investigate a "disturbance."  (*Id.*, ¶36).  During the course of his investigation, Richards  revealed that he had several firearms in the trunk of his vehicle.  (*Id.*, ¶40).  In reliance on Penal Code § 12031(e), a state statute authorizing an officer to search firearms found inside a vehicle to determine if they are loaded, Officer Becker instructed plaintiff Brendan Richards that he wished to inspect his firearms.  (ACC, ¶41-42).  Inside the trunk of Richards' vehicle, Officer Becker found several firearms and other firearm related equipment.  (*Id.*, ¶44).  He arrested Richards on the scene for possession of an unregistered Assault Weapon in violation of California Penal Code § 12280(b).  (*Id.*, ¶46).   He was later charged by the Sonoma County District Attorney's Office with two counts of possessing an illegal assault weapon and four counts of possessing large capacity magazines.  (*Id.*, ¶47).

According to a report issued by a criminalist with the California Department of Justice on August 16, 2010, one of the rifles had a "bullet button."  (*Id.,* ¶50).   Plaintiffs claim that when a "bullet button" is attached to a rifle, the magazine can no longer be detached without the use of a tool – in this case, a bullet – and the rifle may no longer be classified as an assault rifle.  (*Id*, ¶¶21,50).  Such rifles still look very similar to contraband weapons and many law enforcement officials often mistake them for assault rifles.  (See, *Id*, ¶29).  The Sonoma County District Attorney's Office dismissed the criminal case against Brendan Richards, presumably due to the criminalist's report.  *Id.* at 53.  However, despite dismissing the charges, the Sonoma County District Attorney still felt "that there [was] enough ambiguity in the California Assault Weapons statues and regulations that reasonable minds can differ and that experts are required to interpret the law."  *Ibid.*

On August 14, 2011, plaintiff Brendan Richards was arrested *again*, this time by the Sonoma County Sheriff's Department.  (*Id.*, ¶60).  This time, after searching the plaintiff's trunk pursuant to Penal Code § 12031(e), Sheriff Deputy Greg Myers located a large Springfield Armory M1A rifle.  (*Id.*, ¶61).  Deputy Myers, however, confused a "muzzle break" attached on the rifle for

LAW OFFICES OF
**Geary,
Shea,
O'donnell
Grattan &
mitchell
p.c.**

- 3 -
Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

1    a "flash suppresser." (*Id.*, ¶¶62, 65).  Apparently, a M1A rifle with a "flash suppresser" is an

2    assault rifle, but a M1A rifle with a "muzzle break" is not.   Plaintiffs allege that the AWCA is

3    "vague and ambiguous" in this regard and suggest that the Department of Justice utilize "objective

4    scientific tests to determine whether a device is a flash suppressor, flash hider, muzzle break, and/or

5    recoil compensator." (*Id.*, ¶¶65-66).   After further evaluation from a criminalist, the Sonoma

6    County District Attorney's Office again dismissed charges while refusing to stipulate that the arrest

7    lacked probable cause. (*Id.*, ¶67).  Plaintiffs have since filed suit against the County of Sonoma and

8    Deputy Myers.  On December 16, 2011, the parties to the instant matter stipulated that the case was

9    related pursuant to   Local Rule 3-12.  (See, Stipulation and Joint Administrative Motion to

10   Consider Whether Cases Should Be Related, on file herein.).

11                                                    **V.**

12                                    **Claims Subject to Dismissal**

13           Plaintiffs allege two claims against the City of Rohnert Park: one for injunctive relief and

14   one requesting civil damages, both predicated on the Fourth Amendment and on 42 U.S.C. § 1983.

15   In their claim for injunctive relief, plaintiffs request that both the City of Rohnert Park and Officer

16   Becker make "amendments to their policies and training" to address "Identification of Assault

17   Weapons under California law" and "Compliance with the Fourth Amendments." (ACC,  ¶111).

18   Plaintiffs claim that "said injunctive relief will insure uniform and just application of the Fourth

19   Amendment and of California's Weapons Control Laws" so as to protect the "fundamental Second

20   Amendment right of every law abiding citizen to keep and bear arms." *Ibid.*

21           In support of their claim for civil damages, plaintiffs allege that the City of Rohnert Park

22   and Officer Dean Becker violated their Fourth Amendment Rights by searching Brendan Richards'

23   vehicle without a warrant, by arresting him, and by seizing his firearms. (*Id.,* ¶114).  As alleged in

24   the complaint, Richards' firearms were returned to him after the dismissal of his criminal case. (*Id.*,

25   ¶57).  Plaintiffs also allege damages in the form of attorneys fees paid defending Richards' criminal

26   action. (*Id.,* ¶114). Plaintiffs allege that defendants violated plaintiffs' Second Amendment rights.

27   ///

28   ///

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

## VI.

## <u>The California Assault Weapon Control Act</u>

The California Assault Weapons Control Act ("AWCA"), enacted in 1989, "was prompted by the belief that assault weapons posed a real, severe, and growing threat to public safety, urgently requiring regulation and restriction to reduce the number of such weapons finding their way into the hands of street gangs, drug dealers, and the mentally ill." *In re Jorge M.* (2000) 23 Cal.4th 866, 874; Cal. Penal Code § 12275.5(a). Accordingly, pursuant to the AWCA, Penal Code § 12280(b), it is unlawful in the State of California for any person to possess an unregistered assault rifle. California Penal Code § 12276.1 lists several different categories defining an "assault rifle" for purposes of the Act, one of which defines an assault rifle as a "semiautomatic, centerfire rifle that has the capacity to accept a detachable magazine and" any one of a list of additional defined attributes. As noted, plaintiffs contend that the presence of a "bullet button" means that the magazine can no longer be considered "detachable," thus removing any firearm equipped with such a devise from any possible classification as an assault rifle. (See, ACC, ¶50). According to the DOJ, however, as alleged by plaintiffs, there are still questions as to whether the presence of a bullet button negates the firearm's "capacity to accept" a detachable magazine:

> While there is no question that such a configuration would render the magazine of a rifle to be nondetachable, it is unclear whether such a configuration negates the rifle's "capacity to accept" a detachable magazine. Since there are no statutes, case law, or regulations concerning whether a rifle that is loaded with a fixed, removable magazine can also be considered to have the "capacity to accept a detachable magazine," we are unable to declare rifles configured with the "Prince 50 Kit" or "bullet button" to be legal or illegal.

(*Id.*, ¶95, ACC Exh. M). The DOJ insists that "[i]ndividuals who alter a firearm designed and intended to accept a detachable magazine in an attempt to make it incapable of accepting a detachable magazine do so at their legal peril" and "whether or not such a firearm remains capable of accepting a detachable magazine is a question for law enforcement agencies, district attorneys, and ultimately juries of twelve persons, not the California Department of Justice." (*Id.*, ¶87).

///

///

LAW OFFICES OF
**Geary,
Shea,
O'donnell
Grattan &
Mitchell
P.C.**

1    Plaintiffs' complaint appears primarily to be directed towards the DOJ in an effort to

2    invalidate the AWCA, claiming that the Act "is unconstitutionally vague and ambiguous."  (See,

3    *Id.,* ¶35).  In fact, plaintiffs "aver that the entire California Assault Weapon Statutes and the

4    Regulations derived therefrom are vague and ambiguous on their face and as applied to Haynie and

5    Richards."  (*Id.*, ¶80).  Plaintiffs also claim that the DOJ is responsible for  engaging "in a pattern

6    of disinformation and confusion on the issue of whether a rifle fitted with a devise that makes it

7    incapable of accepting a detachable magazine is legal to own in California."  (*Id.*, ¶97).

8    Accordingly, they have filed suit against the State for injunctive and declaratory relief seeking to

9    establish that "California's Assault Weapon Statutes and Regulations are unconstitutionally vague

10   and ambiguous [and] have resulted in the wrongful arrest, detention and prosecution of law-abiding

11   citizens exercising their Second Amendment right to 'keep and bear arms' that are common use for

12   lawful purposes."  (*Id.*, ¶104).

### VII.

### Procedural History/DOJ's Motion to Dismiss

15    The DOJ filed a Motion to Dismiss in *Haynie v. Harris* which applies equally to the instant

16   matter pursuant to the Court's June 21 Order consolidating the cases.  In that motion, the DOJ

17   argued that plaintiffs lacked standing to seek equitable relief in the form of an order requiring the

18   DOJ to alter its policies concerning the interpretation and enforcement of the AWCA.  (See,

19   generally, Memorandum of Points and Authorities in Support of Motion to Dismiss filed by DOJ in

20   *Haynie v. Harris,* C 10-1255 SI, on file herein).  Notably, however, the DOJ did not argue that

21   plaintiffs lacked standing to challenge the constitutionality of the act directly since, at that time, the

22   challenged complaint did not seek such relief.  In its October 22 Order Granting Defendants'

23   Motion to Dismiss, this Court specifically limited its holding to the narrow issue presented.  (See,

24   October 22 Order, p.6, fn. 1).  With regard to that issue, however, and relying primarily on the

25   seminal case *City of Los Angeles v. Lyons,* 461 U.S. 95, 111, this Court held that the plaintiffs

26   lacked standing to seek the equitable relief requested.  Specifically, this Court held that:

> Under *Lyons*, plaintiffs' allegations that they fear future wrongful
> arrests do not demonstrate a case or controversy and fail to establish
> standing to seek an order compelling DOJ to issue a memorandum to

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
p.c.**

1

> prevent wrongful arrests.  *Lyons* holds that past exposure to illegal conduct without any continuing, current adverse effects is not enough to show a case or controversy for injunctive relief, and that even allegation of routine misconduct is not sufficient.  *See Lyons*, 461 U.S. at 102, 105.

2

3

*Id.* at p. 11.  This Court further intimated that it would be unrealistic for plaintiffs to be able to

4

successfully amend their complaint in order to establish standing for the specific relief that they

5

sought:

6

> Under the *Lyons* standard, to show a real and immediate threat and demonstrate a case or controversy, Haynie and Richards would have to allege either that *all* law enforcement officers in California *always* arrest any citizen they come into contact with who is lawfully in possession of a weapon with a bullet button, or that the DOJ has ordered or authorized California law enforcement officials to act in such a manner.

7

8

9

10

(*Id.* at 11:3-12).

11

12

In their amended complaint, plaintiffs now directly challenge the constitutionality of the

13

AWCA.  They have not, however, altered their original claim for equitable relief directed towards

14

the City of Rohnert Park and Officer Dean Becker.

15

## VIII.

16

## Legal Argument

17

1. **Whether a Rifle – Otherwise Classifiable as an Assault Rifle – Equipped With a "Bullet Button" Violates the Assault Weapons Control Act Was Not Clearly Established Law At The Time of Brendan Richards' Arrest and, Therefore, Officer Dean Becker is Protected By Qualified Immunity.**

18

19

20

Government officials are granted qualified immunity and are "shielded from liability for

21

civil damages insofar as their conduct does not violate clearly established statutory or constitutional

22

rights of which a reasonable person would have known."  *Harlow v. Fitzgerald* (1982) 457 U.S.

23

800, 818.  The doctrine of qualified immunity affords protection in all but the most egregious cases

24

and furthers the policy of permitting law enforcement officers to vigorously carry out their duties

25

without fear of retaliation:

26

> The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.  This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued.

27

28

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

*Hunter v. Bryant* (1991) 502 U.S. 224, 229.  These principles "shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law" (*Pearson v. Callahan* (2009) 555 U.S. 223, 244) and operate "to ensure that before they are subject to suit, officers are on notice that their conduct is unlawful."  *Stoot v. City of Everett,* 582 F.3d 910, 922 (9th Cir. 2009).  The "driving force behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials be resolved prior to discovery" and thus such questions are best resolved "at the earliest possible stage in litigation." *Pearson v. Callahan,* 555, U.S. 223, 231-32 (2009).

The operation of the qualified immunity standard "depends substantially upon the level of generality at which the relevant legal rule is to be identified."  *Rodis v. City, County of San Francisco,* 558 F.3d 964, 969 (9th Cir. 2009).  "The right the official is alleged to have violated must have been 'clearly established' in a more relevant sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Ibid.* In the Fourth Amendment context, the immunity applies unless the court is presented with a *clear* case of constitutional depravation:

> [T]he inquiry must be whether a reasonable law enforcement officer in the defendant's position knew, at the time of the events in question, that the absence of probable cause for the arrest was so clear and unmistakable that making the arrest undoubtedly violated Plaintiff's constitutional right to be free from false arrest.

*Tachiquin v. Stowell,* 789 F.Supp. 1512, 1517 (E.D.Cal. 1992); see also, *Jennings v. Joshua Independent School Dist.,* 877 F.2d 313, 318 (5th Cir. 1989)("when a factual situation presents a close question on probable cause, the benefit of the doubt belongs to the police officer.")

In *Rodis, supra,* 558 F.3d 964 an attorney was arrested by police based upon their suspicion that a $100 bill he had used at a drug store was probably counterfeit.  After arresting the attorney, the police officers contacted an expert with the Secret Service who informed them that the bill was, in fact, genuine.  The officers then released the attorney.  The District Court denied the defendant Officers' motion for summary judgment challenging the attorney's civil action on the grounds that the Officers had no evidence of the attorney's intent to defraud at the time of the arrest and thus, that they were not entitled to qualified immunity.  The Court of Appeals, however, reversed.  The 9th

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

1   Circuit had never before addressed whether specific evidence of intent was even required to support

2   a conviction for possession of a counterfeit bill.  Also,  several other circuits had addressed the

3   issue and determined that  no such evidence was required.  *Id.* at 970.   Under these circumstances

4   then, where the law under the arresting statute was unsettled, the court held that it was improper to

5   subject the defendant officers to money damages.  *Ibid.*  Given the protections afforded by qualified

6   immunity, defendants could not be liable for their reasonable but mistaken belief that the bill was a

7   counterfeit one.  *Id.* at 970-971.

8          Here, just as with the defendant police officers in *Rodis*, Officer Dean Becker cannot be

9   held liable for damages for his reasonable but mistaken belief that the rifle seized from Brendan

10  Richards' vehicle constituted an illegal firearm under the AWCA.  Just as in *Rodis*, Officer Becker

11  determined at the scene that a possession of the plaintiff's probably constituted illegal contraband,

12  and just as in *Rodis*, it was not until careful expert examination that it could be established

13  otherwise.  More fundamentally, however, as evidenced in plaintiffs' Amended Consolidated

14  Complaint, the law in this area *is not settled.*  Thus, plaintiffs assert that a rifle equipped with a

15  "bullet button" can no longer be considered an assault rifle because it no longer contains a

16  detachable magazine.  (ACC, ¶¶21, 50).  The DOJ however, contends that it is still "unclear

17  whether such a configuration negates the rifle's 'capacity to accept' a detachable magazine."  (*Id.,*

18  ¶95).  Plaintiffs' allege that the DOJ's refusal to clarify that issue renders the *entire* AWCA

19  *unconstitutionally vague and ambiguous.*  (See, *Id.*, ¶104).  They claim the law exists in a "state of

20  confusion *caused* by the current vague and ambiguous statutes"  and that this "result[s] in the

21  wrongful arrest of innocent gun-owners."  (*Id.*, ¶102)(emphasis added).

22         Accordingly, based on plaintiffs' own allegations, taken as true for purposes of this motion,

23  Brendan Richards' arrest did not violate "clearly established law."  At best, it is unsettled whether a

24  rifle equipped with a "bullet button," but otherwise retaining the attributes of an assault rifle,

25  violates the AWCA.   As in *Rodis*, there is no case law on point and under these circumstances, it is

26  improper to subject Officer Dean Becker to personal liability.  Therefore, qualified immunity

27  applies.

28  ///

Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

1

2

**2.   Officer Dean Becker Cannot Be Liable for Inspecting Brendan Richards'
Firearms as This Action Was Supported By Clearly Established Law.**

3

As alleged in plaintiffs' complaint, Brendan Richards searched the trunk of Brendan

4

Richards' vehicle only after he learned of the firearms and only then, pursuant to California Penal

5

Code § 12031(e).  According to that statute, police officers in the State of California are specifically

6

authorized to search "any firearm carried by anyone on his or her person *or in a vehicle*" to

7

determine whether that firearm is loaded.  Officer Dean Becker, while in the performance of his

8

duties, was entitled to rely on that statute and cannot be held personally liable for damages in doing

9

so. See, *Pearson v. Callahan, supra,* 555 U.S. at 244-45 (Police Officers were entitled to rely on

10

existing lower court interpretations of the Fourth Amendment when entering a home without a

11

warrant and therefore could not be held personally responsible for damages.)

12

Moreover, although it is not necessary that this court decide this constitutional issue at this

13

time, a search conducted pursuant to California Penal Code § 12031(e) is reasonable under the

14

Fourth Amendment.  See *United States v. Brady*, 819 F.2d 884, 889 (9th Cir. 1987) (Search of trunk

15

leading to discovery of narcotics valid because in California, "police may inspect a firearm which

16

they know is in a vehicle, regardless of whether they have probable cause to believe that it is

17

loaded."); see also, *People v. DeLong,* 11 Cal.App.3d 786, 792-93 (1st. Dist. Cal. 1980) (California

18

court holds that "mere examination of a weapon which is brought into a place where it is forbidden

19

to have a loaded weapon is not unreasonable and that the statutes authorizing such examination are

20

constitutional."); see also *United States v. Portillo,* 633 F.2d 1313 (9th Cir. 1980)(Search of vehicle

21

pursuant to state Vehicle Code authorizing inspection of vehicles for code violations relating to

22

safety concerns is reasonable under Fourth Amendment.)

23

**3.      Plaintiffs Fail to Allege Facts Sufficient to Establish a Claim Against the City of
Rohnert Park, a Public Entity.**

24

25

A "a municipality cannot be held liable under 42 U.S.C. § 1983 under a *respondeat superior*

26

theory."  *Monell v. Department of Social Services,* 436 U.S. 658, 690 (1978).  Instead, liability can

27

only attach where the municipality itself causes the constitutional violation through "execution of a

28

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

may fairly be said to represent official policy." *Id.* at 694.  Failure to allege a proper basis for municipal liability renders a complaint subject to dismissal.  See, *J.K.G. v. County of San Diego,* 2011 WL 5218253, Slip Copy, pgs.8-9.  Further, to overcome a motion to dismiss, a complaint seeking to establish liability under *Monell* requires more than "bare assertions" which amount to nothing more than a "formulaic recitation of the elements."  *Ashcroft v. Iqbal* (2009) 5129 S. Ct. 1937, 1951.

Here, plaintiffs' complaint does not contain *any* allegation establishing that a policy, custom, or practice of the *City of Rohnert Park's* caused a constitutional violation.  Plaintiffs place considerable effort into establishing that the *State's* policies have contributed to a violation.  See, ACC, ¶¶71-97.  Plaintiffs also claim that other alleged violations occurred in other jurisdictions, including Sonoma County, Los Angeles, Solano County, Santa Cruz, Orange County, Riverside County, and Cotati.  See *Id.* at ¶¶61, 98.  But plaintiffs do not allege the existence of a Rohnert Park policy that contributed to their injury beyond the allegation of the single incident occurring on May 20, 2010. Proof of a single incident of unconstitutional activity is insufficient to impose liability under *Monell*. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24 (1985).  Accordingly, plaintiffs fail to establish a viable basis for liability.

> **4.   Plaintiffs' Allegations Do Not Establish A Realistic Threat of Future Injury By the Rohnert Park Department of Public Safety and They Cannot Establish That It is Likely That Their Injury Will Be Redressed By A Favorable Decision By This Court.  Accordingly, Plaintiffs Lack Standing to Sue the City of Rohnert Park and Officer Dean Becker For Equitable Relief.**

As this Court noted in its October 22 Order, standing to bring suit is an essential and unchanging part of the "case-or-controversy" requirement of Article III of the US Constitution. See, Order Granting Motion to Dismiss, p. 8; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559 (1992).  To establish standing, a plaintiff must show: (1) that is has suffered an 'injury in fact' that is concrete, particularized, and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth v. Laidlaw,* 528 U.S. 167, 180-81 (2000).  Plaintiffs seeking equitable relief must also show "irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

- 11 -
Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

1   wronged again – a 'likelihood of substantial an immediate irreparable injury."   Order, p. 9; *City of*

2   *Los Angeles v. Lyons,* 461 U.S. 95, 111.

3          To briefly reiterate the controlling case: In *City of Los Angeles v. Lyons, supra,* 461 U.S. 95

4   the City of Los Angeles employed a policy whereby its officers were authorized and encouraged to

5   utilize aggressive "control holds," even where such force was not constitutionally permissible.  The

6   plaintiff, stopped for a minor traffic violation, suffered injury as a result of an Officer's use of a

7   "choke hold" on plaintiff without provocation.  Plaintiff then sued the Officers involved and the

8   City of Los Angeles for, in addition to damages, injunctive relief against the City barring the use of

9   control holds in the future.  The United States Supreme Court reversed the Court of Appeal and

10  affirmed the defendants' Motion for Partial Judgment on the Pleadings on the grounds that the

11  plaintiff lacked standing to sue for equitable relief.  According to the Court, plaintiff could not

12  establish the requisite showing of irreparable injury because he could not establish a realistic threat

13  of further injury.  *Id.* at 108.  His complaint contained no allegations of additional actual encounters

14  between himself and the police.  *Ibid.*  And his claim of possible future injury amounted to nothing

15  more than mere conjecture:

16                   As we have said, however, it is no more than conjecture to suggest
                     that in every instance of a traffic stop, arrest, or other encounter
17                   between the police and a citizen, the police will act unconstitutionally
                     and inflict injury without provocation or legal excuse.  And it is
18                   surely no more than speculation to assert either that Lyons himself
                     will again be involved in one of those unfortunate instances, or that
19                   he will be arrested in the future and provoke the use of a chokehold
                     by resisting arrest, attempting to escape, or threatening deadly force
20                   or serious bodily injury.

21  *Id.* at 108.

22          Here, just as in *Lyons,* and just as this Court decided in its October 22 Order, plaintiffs do

23  not make a showing of irreparable injury because they do not establish a realistic threat of future

24  injury.  Like *Lyons,* the underlying injury constitutes a single alleged violation by a single Officer,

25  in this case, Officer Dean Becker.  Also like *Lyons,* plaintiffs are unable to allege an additional

26  constitutionally impermissible encounter between Brendan Richards, or any other member of the

27  plaintiffs' organizations, and the Rohnert Park Police Department.  It is nothing more than

28  conjecture to suggest that in every encounter between a member of the Rohnert Park Police

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

- 12 -

1   Department and a citizen with a firearm that the Officer will unlawfully arrest the individual for

2   possession of an assault rifle.  And it is surely no more than speculation to assert that Brendan

3   Richards himself will be involved in another such incident with the Rohnert Park Police

4   Department.  Plaintiffs simply cannot establish a realistic threat of future injury and therefore do

5   not make the requisite showing of irreparable harm. Plaintiffs claim for relief in their ACC is

6   functionally the same as the relief requested of the DOJ in their First Amended Complaint in

7   *Haynie v. Harris*, and warrants the same result: dismissal.

8           In addition, plaintiffs cannot establish that it is likely a favorable ruling by this Court against

9   the City of Rohnert Park would redress the plaintiffs' alleged injury.  In *Lujan v. Defenders of*

10  *Wildlife, supra,* 504 U.S. 555 several environmental groups brought suit against the Secretary of the

11  Interior seeking injunctive relief requiring the Secretary to promulgate a new rule interpreting the

12  scope of the consultation requirement contained in the Endangered Species Act.  Plaintiffs claimed

13  that the Secretary's refusal to require Federal Agencies to consult with him regarding actions

14  conducted outside US territory contributed to the extinction of endangered species.  But according

15  to the Supreme Court, since none of the other agencies were parties to the suit and since they would

16  not be bound by the Secretary's determinations regardless, plaintiffs could not establish that a

17  favorable ruling would redress their injury.  *Id.* at 568-570.

18          The same problems that plagued the environmental plaintiffs in *Lujan* plague plaintiffs here,

19  and their allegations regarding Brendan Richards' arrest by the Sonoma County Sheriff's

20  Department merely underscore this point.  In their amended complaint, plaintiffs allege that

21  Brendan Richards was wrongfully arrested again for possession of an assault rifle, this time by the

22  Sonoma County Sheriff's Department, over a year after his arrest by the Rohnert Park Police

23  Department. (See, ACC, ¶¶60-65).  The City of Rohnert Park, however, has no authority over the

24  Sheriff's Department.  Had this Court granted the relief plaintiffs request prior to that arrest, the

25  Court's Order still would not have helped Brendan Richards.  Similarly, any such Order would not

26  have any effect on the policies of any other neighboring jurisdictions, such as the City of Santa

27  Rosa, the City of Cotati, or the City of Petaluma.  The California Highway Patrol also has

28  concurrent jurisdiction and any Order issued by this Court would have no effect on that department

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

1    either.  Simply put, an order from this Court requiring the City of Rohnert Park to issue a new

2    policy regarding assault rifles is not likely to have a considerable effect on plaintiff Brendan

3    Richards' ability to avoid arrest while driving in his vehicle with his lawful firearms.  Instead,

4    accepting the plaintiffs' allegations as true, the only remedy which could have an effect across all

5    jurisdictions is an order from this Court declaring the AWCA unconstitutional.  That claim,

6    however, is properly directed towards the State of California.  The City of Rohnert Park did not

7    pass that law and should not be held responsible to defend it.

8              **5.  Plaintiffs Calguns and the Second Amendment Foundation Lack**
                   **Organizational Standing.**
9

10            As this Court noted in its October 22 Order, "Associations have standing to sue on behalf of

11   their members 'only if (a) their members would otherwise have standing to sue in their own right;

12   (b) the interests that the organizations seek to protect are germane to their purpose; and (c) neither

13   the claim asserted nor the relief requested requires participation in the lawsuit."  (October 22 Order,

14   p. 12, citing *San Diego Cnty Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130-31 (9th Cir. 1996).

15   Here, since Brendan Richards does not have standing to sue for equitable relief in his own right,

16   both Calguns and the Second Amendment Foundation lack standing as well.  Moreover, neither

17   organizational plaintiff has standing to sue for civil damages.  While Brendan Richards clearly has

18   standing to sue for this claim, neither Calguns nor the Second Amendment Foundation can establish

19   a sufficient injury.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

IX

**Conclusion**

Plaintiffs' claim to challenge the constitutionality of the AWCA is properly raised against the State of California.  The City of Rohnert Park and Officer Dean Becker are not proper defendants.  Plaintiffs are not entitled to civil damages against either Rohnert Park or Officer Becker, and they cannot establish standing to sue for equitable relief.  Moreover, their allegations establish that they cannot reasonably amend their complaint in order to state a valid claim for relief. Accordingly, defendants respectfully request that this Court dismiss plaintiffs' Third and Fourth Claims for Relief with prejudice.

DATED:  December 23, 2011                          GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.


By _____/s/_____
             ROBERT W. HENKELS
             Attorneys for Defendants
             CITY OF ROHNERT PARK, OFFICER
             DEAN BECKER

LAW OFFICES OF
**Geary, Shea, O'donnell Grattan & mitchell P.C.**

- 15 -
Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

Case No: CV 11 2493 LB                    United States District Court, Northern District of California

**PROOF OF SERVICE**

I am employed in the County of Sonoma, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is Geary, Shea, O'Donnell, Grattan & Mitchell, 37 Old Courthouse Square, Fourth Floor, Santa Rosa, CA 95404.

On December 23, 2011, I served the attached:

**DEFENDANTS CITY OF ROHNERT PARK AND OFFICER DEAN BECKER'S
MOTION TO DISMISS THIRD AND FOURTH CLAIMS FOR RELIEF
OF PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT**

on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**\*\*\*SEE ATTACHED SERVICE LIST\*\*\***

/ X /  (BY MAIL) I placed a copy of the above-described document in sealed envelope, with postage thereon fully prepared for First-Class Mail, addressed to the parties as set forth above, for collection and mailing at Santa Rosa, California, following ordinary business practices.  I am readily familiar with the practice of Geary, Shea, O'Donnell, Grattan & Mitchell for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/__/  (BY E-MAIL) I caused an electronic copy of the above-described document to be transmitted by e-mail to the address(es) known by or represented to me to be the receiving e-mail(s) of the parties noted above.

/__/  (BY OVERNIGHT DELIVERY, PURSUANT TO CCP '1013(c))  I placed such sealed envelope for collection and mailing by overnight delivery at Santa Rosa, California, within the ordinary business practices of Geary, Shea, O'Donnell, Grattan & Mitchell.  I am readily familiar with the practices of Geary, Shea, O'Donnell, Grattan & Mitchell for processing overnight correspondence, said practice being that in the ordinary course of business, correspondence is either picked up by or delivered to the delivery company the same day as it is placed for processing.

/__/  (BY FACSIMILE)  I caused the above-described document to be transmitted, pursuant to Rule 2008, by facsimile machine (which complies with Rule 2003(3)) to the parties at the number(s) indicated after the address(es) noted above.  The transmission was reported as complete and without error.

/__/  (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the parties at the address(es) noted above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed at Santa Rosa, California, on December 23, 2011.


_____/s/_____
Michelle A. Stewart

LAW OFFICES OF
**Geary,
Shea,
O'donnell
Grattan &
Mitchell
P.C.**

1

***SERVICE LIST***

2

| Donald E. J. Kilmer, Jr.<br>Law Offices of Donald Kilmer<br>1645 Willow Street, Suite 150<br>San Jose, CA  95125 | Telephone:  408/264-8489<br>Facsimile:  408/264-8487<br>Attorney for Plaintiffs<br>BRENDAN JOHN RICHARDS, THE<br>CALGUNS FOUNDATION, INC. and THE<br>SECOND AMENDMENT FOUNDATION,<br>INC. |
| --- | --- |
| Jason A. Davis<br>Davis & Associates<br>27281 Las Ramblas, Suite 200<br>Mission Viejo, CA  92691 | Telephone:  949/310-0817<br>Facsimile:  949/288-6894<br>Attorney for Plaintiffs<br>BRENDAN JOHN RICHARDS, THE<br>CALGUNS FOUNDATION, INC. and THE<br>SECOND AMENDMENT FOUNDATION,<br>INC. |
| KAMALA D. HARRIS<br>Attorney General of California<br>ZACKERY P.MORAZZINI<br>Supervising Deputy Attorney General<br>ROSS C.MOODY<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 | Telephone:  415/703-1376<br>Facsimile:  415/703-1234<br>Attorney for Defendants<br>KAMALA HARRIS AND THE<br>CALIFORNIA DEPARTMENT OF<br>JUSTICE |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LAW OFFICES OF
**Geary,
Shea,
O'Donnell
Grattan &
Mitchell
P.C.**

26

27

28

Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss
Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint