1  Donald E.J. Kilmer, Jr. (SBN: 179986)
   LAW OFFICES OF DONALD KILMER, A.P.C.
2  1645 Willow Street, Suite 150
   San Jose, California 95125-5120
3  Voice: (408) 264-8489
   Fax: (408) 264-8487
4  Email: Don@DKLawOffice.com

5  Jason A. Davis (SBN: 224250)
   Davis & Associates
6  27281 Las Ramblas, Suite 200
   Mission Viejo, CA 92691
7  Voice: (949) 310-0817
   Fax:   (949) 288-6894
8  E-Mail: Jason@CalGunLawyers.com

9  Attorneys for Plaintiffs

10              UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12
   MARK AARON HAYNIE, BRENDAN          Case No.:    3:10-CV-01255 SI[1]
13 JOHN RICHARDS, THE CALGUNS                       3:11-CV-02493 SI
   FOUNDATION, INC., and THE
14 SECOND AMENDMENT                    PLAINTIFFS' BRENDAN RICHARDS,
   FOUNDATION, INC.,                   THE CALGUNS FOUNDATION, INC.,
15                                     and the SECOND AMENDMENT
                                       FOUNDATION, INC., OPPOSITION
16     Plaintiffs,                     MEMORANDUM TO DEFENDANT
                                       CITY OF ROHNERT PARK AND
17                                     OFFICER DEAN BECKER'S MOTION
       vs.                             TO DISMISS THE AMENDED
18                                     CONSOLIDATED COMPLAINT.

19 KAMALA HARRIS, Attorney General     Date:        April 20, 2012
   of California (in her official capacity)  Time:   9:00 a.m.
20 and CALIFORNIA DEPARTMENT           Courtroom:   10, 19th Floor
   OF JUSTICE, CITY OF ROHNERT                      450 Golden Gate Ave.
21 PARK, OFFICER DEAN BECKER                        San Francisco, CA
   (RP134) and DOES 1 TO 20,          Judge:       Hon. Susan Illston
22                                                  U.S. District Court Judge

23     Defendants.

24

25

26

27 _____
     [1] *Haynie v. Harris*, Case No.: 3:10-CV-01255 SI was ordered consolidated with
28 *Richards v. Harris*, Case No.: 3:11-CV-02493 SI, in an ordered filed on October 22, 2011. (See
   Documents # 42 and #15 respectively.)

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

**INTRODUCTION**

This case involves complex enough issues with the constitutionality of two state statutes in play.  It has grown more complex with the relation of and consolidation of subsequent cases involving the same kinds of institutional defendants and new private citizens who have been wrongfully arrested as a result of these two sets of statutes.

And if that isn't confusing enough, as of January 1, 2012 the State of California put in place a NONSUBSTANTIVE REORGANIZATION OF THE DEADLY WEAPON STATUTES.  See Request for Judicial Notice of Disposition Table filed concurrently with this opposition memorandum for a table to cross-reference the laws plead in the previous complaints with the currently applicable statutes.  Further citations will include both old and new statute in the format Old Number/New Number.

Complexities aside, the two fundamental issues at stake in this case are actually quite simple:

1.  If a criminal statute that purports to regulate a fundamental right to "keep and bear" ordinary firearms (semi-automatic rifles) in common use results in the wrongful arrest of factually innocent citizens while exercising those fundamental rights (facts which are incontrovertible at this stage of the litigation), then does the fault lie with the either (a) the statute itself, or (b) the arresting agencies' failure to interpret the law correctly?  There are no other options.

2.  May the legislature of a state, consistent with the Fourth Amendment to the United States Constitution, statutorily manufacture "probable cause" to conduct a warrantless search of a the trunk of a vehicle based solely on the fact that the trunk may contain a firearm?  Or put another way, is Penal Code § 12031(e)/25850(b) a forbidden "general warrant" ?

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1

## STATEMENT OF FACTS / STATUS OF CLAIMS

2      This Court is required to accept as true all material allegations of the

3   amended consolidated complaint and construe the facts in the light most favorable

4   to the Plaintiffs.  That makes the Amended Consolidated Complaint (ACC) itself the

5   Statement of Facts for this memorandum.  The CITY OF ROHNERT PARK and

6   OFFICER DEAN BECKER (Rohnert Park Defendants - RPD) seek dismissal of the

7   Third and Fourth Claims in the ACC.

8      Common to both claims are the following facts from the ACC:

9   ● Paragraph 11 alleges that CITY OF ROHNERT PARK is a state actor

10       responsible for setting policies and procedures of its police department,

11       including but not limited to "training and discipline of peace officers."

12   ● Paragraph 12 alleges that OFFICER BECKER is a police officer

13       employed by the CITY OF ROHNERT PARK whose conduct resulted

14       in the wrongful arrest of BRENDAN RICHARDS.

15   ● Paragraph 48 alleges that BRENDAN RICHARDS is out the $1,400.00

16       he paid for a bail bond.

17   ● Paragraph 56 alleges that BRENDAN RICHARDS is out his travel

18       costs and lost time from work.

19   ● Paragraph 58 alleges that CALGUNS FOUNDATION, Inc., is out the

20       $11,224.86 they paid for the criminal defense of BRENDAN

21       RICHARDS.[2]

22   ● Paragraphs 110 and 111 in Claim Three request injunctive relief to

23       correct polices and training procedures relating to Assault Weapon

24       Identification and Search/Seizure policies.

25   ● Paragraph 113 seeks the aforementioned (limited) damages.

26

27      [2] Plaintiff have made a standing offer (still open) to cap damages on these
easily determined amounts to facilitate this litigation.  Plaintiffs concede that
28   money damages are not available from the State of California.

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

**LAW OFFICE OF DONALD KILMER, APC**
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1   As for the RPDs assertion that CALGUNS FOUNDATION, INC., and

2   SECOND AMENDMENT FOUNDATION, INC., lack organizational standing, the

3   ACC alleges the following facts:

4   • Both of the organizational Plaintiffs allege that this suit is brought on

5   behalf of themselves and their individual members AND that they

6   spend resources on vindicating and educating the public on the "right

7   to keep and bear arms" that is unrelated to this current litigation. (¶¶

8   7 and 8.)

9   • Furthermore, the ACC specifically alleges that the CALGUNS

10   FOUNDATION, INC., is particularly enmeshed in effort to try to

11   resolve and assist its members with correct interpretations of

12   California's complex set of laws regulating firearms. (¶¶ 71 – 99.)

13   As for specific facts alleged in the ACC that would tend to negate OFFICER

14   BECKER'S claim of qualified immunity:

15   • In his police report OFFICER BECKER claimed to be a firearms

16   instructor and an expert witness having previously testified about the

17   identification of Assault Weapons.   How can a defendant claim to be

18   both an expert in a field and claim ignorance of the field as a defense to

19   liability?  (¶ 47)

20   • OFFICER BECKER also failed to understand that mere possession of

21   high capacity magazines was not a crime when he arrested BRENDAN

22   RICHARDS on charges of violating Penal Code § 12020(a)(2)/32310.

23   Ignorance of the law is not usually an excuse available to criminal

24   defendants.  Why should it be available to civil defendants?  (¶ 47 b.)

25   As for facts alleged in the ACC that would tend to establish the CITY OF

26   ROHNERT PARK's *Monell*[3] liability:

27

28

---

[3] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

1      ●      Paragraphs 74 and 75 set forth facts alleging that the Orange County

2      Sheriff's Department and the City of Sacramento both instituted

3      policies within their departments to properly identify semi-automatic

4      firearms with "bullet buttons" and thus avoid making unlawful

5      arrests.  Why isn't ROHNERT PARK's failure to provide similar

6      training to its officers a failure of policy and procedure?

7

8      **LEGAL STANDARDS RE: FED.R.CIV.P. 12(B)(1) MOTIONS**

9  1.  Defendants' Rule 12(b)(1) subject matter jurisdiction challenge appears to be

10     based solely on constitutional/procedural rules regarding standing and

11     prudential considerations of abstention and/or exhaustion of administrative

12     remedies.  Courts disagree whether a motion to dismiss for lack of standing

13     should be brought under Rule 12(b)(6) or 12(b)(1).

14     a.  Some courts (including the Ninth Circuit) hold a motion to dismiss for

15         failure to state a claim under Rule 12(b)(6) lies where the complaint

16         reveals on its face that plaintiff lacks standing.  *Sacks v. Office of*

17         *Foreign Assets Control* (9th Cir. 2006) 466 F.3d 764, 771;  *Brereton v.*

18         *Bountiful City Corp.* (10th Cir. 2006) 434 F.3d 1213, 1216; *Ballentine v.*

19         *United States* (3rd Cir. 2007) 486 F.3d 806, 810.

20     b.  Other courts hold such motions should be brought under Rule 12(b)(1)

21         because standing is a jurisdictional matter.  *Alliance For*

22         *Environmental Renewal, Inc. v. Pyramid Crossgates Co.* (2nd Cir. 2006)

23         436 F.3d 82, 88, fn. 6; see  *Stalley ex rel. United States v. Orlando*

24         *Regional Healthcare System, Inc.* (11th Cir. 2008) 524 F.3d 1229, 1232

25         – dismissal for lack of standing treated as dismissal for lack of subject

26         matter jurisdiction under FRCP Rule 12(b)(1);  *Apex Digital, Inc. v.*

27         *Sears, Roebuck & Co.* (7th Cir. 2009) 572 F.3d 440, 443.

28  2.  Furthermore, under a Rule 12(b)(1) jurisdictional motion a defendant may

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1  make either: (1) a facial attack, which requires the court to accept the facts

2  plead in the complaint as true, or (2) a factual attack (i.e., a speaking motion)

3  based on extrinsic evidence. Moreover, if the jurisdictional facts are

4  intertwined with substantive issues, then the Court should deny a request for

5  dismissal under Fed.R.Civ.P. 12(b)(1) and adjudicate the issue under Rule

6  12(b)(6) and/or Rule 56. See: *Safe Air for Everyone v. Meyer* (9th Cir. 2004)

7  373 F.3d 1045, 1039. This is not an insignificant issue.

8  3.  A Rule 12(b)(6) motion based on extrinsic facts cannot be granted where

9  there is a genuine issue as to any material fact. However, a Rule 12(b)(1)

10  "speaking motion" may be granted notwithstanding disputed facts because

11  the trial court has power to evaluate and decide conflicting facts in an

12  evidentiary hearing and weigh competing evidence. *Rosales v. United States*

13  (9th Cir. 1987) 824 F.2d 799, 803.

14  4.  This threshold issue is easily resolved as the Defendants have not tendered

15  any extrinsic evidence (e.g., requests for judicial notice, certified documents,

16  affidavits, etc...) in support of a 'speaking motion' under Rule 12(b)(1);

17  therefore the Court is required to adjudicate this motion under the rules and

18  standards of Fed.R.Civ.P. 12(b)(6), i.e., the Court must consider the

19  allegations in the complaint as true and construe them in the light most

20  favorable to the Plaintiffs. *Montez v. Department of Navy* (5th Cir. 2004) 392

21  F.3d 147, 149-150; *Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d

22  1035, 1039.

23

24  **LEGAL STANDARDS RE: FED.R.CIV.P. 12(B)(6) MOTIONS**

25  5.  Since the Defendants have elected, under Fed.R.Civ.P. 12(b)(6), to challenge

26  jurisdiction and the legal sufficiency of the complaint, the court must decide

27  whether the facts alleged, if true, would entitle plaintiff to some form of legal

28  remedy. Unless the answer is unequivocally "no," the motion must be denied.

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489 Fx: (408) 264-8487
Don@DKLawOffice.com

*Conley v. Gibson* (1957) 355 U.S. 41, 45-46, 78 S.Ct. 99, 102; *De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45, 48; *SEC v. Cross Fin'l Services, Inc.* (CD CA 1995) 908 F.Supp. 718, 726-727 (quoting text); *Beliveau v. Caras* (CD CA 1995) 873 F.Supp. 1393, 1395 (citing text); *United States v. White* (CD CA 1995) 893 F.Supp. 1423, 1428 (citing text).

6.  Thus, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699; *Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F.3d 295, 297 – "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F.Supp.2d 1096, 1101 (citing text); *Coffin v. Safeway, Inc.* (D AZ 2004) 323 F.Supp.2d 997, 1000 (citing text).

## DISCUSSION

### 1. Qualified Immunity

The RPDs aver that OFFICER BECKER should be entitled to a qualified immunity defense for both the misidentification of Plaintiffs' firearms and the warrantless search of his trunk. The are wrong on both counts.

First, on the misidentification of the firearm, the primary case cited by the RPDs is *Rodis v. City, County of San Francisco*, 558 F.3d 964 (9th Cir. 2009). In that case the contraband was tendered to an expert in the Secret Service to determine whether the $100 bill was counterfeit. It wasn't. In this case OFFICER BECKER self-identified as an expert firearms instructor and expert witness as to the identification of Assault Weapons. On the strength of his report the Sonoma County District Attorney's Office charged BRENDAN RICHARDS with six felony counts causing him to incur a bail bond expense of $1,400.00 – not to mention six (6) days spent in the county jail.

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

1     Notice that the RPDs are NOT making the argument that they put in their

2  due diligence.  That they studied the law and came to different conclusions about

3  rifles with "bullet buttons."  They are either claiming ignorance of the law, or they

4  are claiming the law is unintelligible.  Plaintiffs work in this case might have been

5  easier if the RPDs has simply cross-complained against HARRIS and the

6  CALIFORNIA DEPARTMENT OF JUSTICE and sought, along side the Plaintiffs,

7  a declaratory judgment that California's Assault Weapon Laws are vague and

8  ambiguous.  Instead they are walking a tight rope hoping that the statutory scheme

9  is vague and ambiguous enough to let them off the hook, but not so vague and

10  ambiguous that they are required to sue the State as a defense.  This Court should

11  make the RPDs make the hard choice.

12     Government officers and officials have a duty not only to know the law in the

13  area in which they work [*Glasson v. City of Louisville,* 518 F.2d 899 (6th Cir. 1975)],

14  but they are required to take reasonable steps to ascertain whether their actions

15  are lawful, beyond simply relying on their own idea of what the law might be.

16  *Harlow v. Fitzgerald*, 457 U.S. 800, 821 (1982).

17     In this case, OFFICER BECKER claimed to be a firearms expert as part of

18  the rationale for RICHARD's arrest.  He was wrong and it damaged Plaintiff.

19  Furthermore BECKER failed to ascertain whether mere possession of high capacity

20  magazines is illegal under state law, thus compounding the false charges against

21  Mr. RICHARDS.  Granting BECKER qualified immunity on the misidentification of

22  firearms and mere possession of high capacity magazines as contraband would be a

23  miscarriage of justice.

24     BECKER's claim of qualified immunity as to the warrantless search of the

25  trunk in reliance on a state statute is stronger, but not as cut and dry as the RPDs

26  are pleading.  First, *United States v. Brady*, 819 F.2d 884, 889 (9th Cir. 1987) [and

27  cited authorities therein] stand for the proposition that a police officer may rely on

28  Penal Code ¶ 12031(e)/25850(b) for probable cause to:

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489 Fx: (408) 264-8487
Don@DKLawOffice.com

(1) Enter the ***passenger compartment*** of a vehicle to inspect a weapon to determine if it is loaded. *People v. Azevedo*, 161 Cal. App. 3d 235, 244, 207 Cal. Rptr. 270, 275-76 (1984); *People v. Zonver*, 132 Cal. App. 3d Supp. 1, 183 Cal. Rptr. 214 (1982)); *People v. Greer*, 110 Cal. App. 3d 235, 238-39, 167 Cal. Rptr. 762, 764 (1980);

(2) Or the officer may even open the trunk of a vehicle if there is ***probable cause to believe the gun in the trunk is itself in a prohibited zone***, such as a school or college campus. *People v. DeLong*, 11 Cal. App. 3d 786, 791, 90 Cal. Rptr. 193, 195-96 (1970).

Those facts do not exist here. Plaintiffs' firearm were in the trunk of his car, not the passenger compartment. Nor was there probable cause to believe the guns were loaded or that the guns (in the trunk of the car) had entered a forbidden zone like a grammar school or college campus.

While a facial challenge to Penal Code ¶ 12031(e)/25850(b) may be more properly brought against the State Defendants, on these facts it would appear that OFFICER BECKER violated the law as it already stood the day he wrongfully arrested Mr. RICHARDS after a warrantless search of the trunk of his car.

## 2. *Monell* Liability

In *City of Canton v. Harris*, 489 U.S. 378 (1989) the U.S. Supreme Court found that municipal liability could be established by that entity's failure to train employees and that the degree of fault (a fact impossible to establish at this juncture) is fundamentally related to the policy requirements of *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) . The court went on to hold that liability may be imposed where "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. [...] [ and that]

1   the failure to provide proper training may fairly be said to represent a policy for

2   which the city is responsible."  *City of Canton v. Harris*, 489 U.S. at 390.

3       In this case we have facts establishing that the County of Orange Sheriff's

4   Department and the City of Sacramento Police Department were well aware of the

5   development and wide-spread availability of semi-automatic rifles with "bullet-

6   buttons."  So much so that they put out their own training bulletin and field tests

7   for determining the legality of these weapons.   If the CITY OF ROHNERT PARK

8   and their expert in the person of OFFICER BECKER were ignorant of this

9   development in the law, in spite of similar institutions who developed a training

10  policy on this issue, they have an affirmative duty to plead that fact instead of

11  relying on an *a priori* defense of ignorance.

12

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

### 3.  *City of Los Angeles v. Lyons*

14      The facts of these related/consolidated cases – three false arrests due to the

15  misidentification of firearms, arising in the same county – have overtaken the facts

16  of *City of Los Angeles v. Lyons*, 461 U.S. 95. (1983).

17

### 4.  Organizational Plaintiffs

19      The current rule in the Ninth Circuit with regard to organizational plaintiff

20  standing is articulated in *Fair Housing Counsel of San Fernando Valley; The Fair*

21  *Housing Counsel of San Diego v. Roommate.com, LLC,* 666 F.3d 1216, 1219 (9th Cir.

22  Feb. 2, 2012):

23          We've held that an organization has "direct standing to sue
24      [when] it showed a drain on its resources from both a diversion of its
        resources and frustration of its mission." *Fair Hous. of Marin v.*
25      *Combs*, 285 F.3d 899, 905 (9th Cir. 2002).  However, "'standing must
        be established independent of the lawsuit filed by the plaintiff.'"
26      *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657
27      F.3d 936, 2011 WL 4336667, at *3 (9th Cir. 2011) (quoting *Walker v.*
        *City of Lakewood*, 272 F.3d 1114, 1124 n.3 (9th Cir. 2001)).  An
28

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com

organization "cannot manufacture [an] injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010); see also *Combs*, 285 F.3d at 903 ("[A]n organization cannot, of course, manufacture the injury necessary to maintain a suit from its expenditure of resources on that very suit . . . ." (internal quotation marks omitted)).

In this case, Plaintiffs have alleged that the organizational plaintiffs have expended resources outside of this particular lawsuit, that constitute a diversion of their resources (money spent on criminal defense of innocent gun owners) and a frustration of their purposes (chilling the exercise of a fundamental "right to keep and bear arms" of ordinary design in common use).

Furthermore, Defendants' reliance on *San Diego Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130-31 (9th Cir. 1996) is seriously undermined by the analysis in the more recent case of *Jackson v. City and County of San Francisco*, 2011 U.S. Dist. LEXIS 109812 in which that Court also explained that *Gun Rights Committee* is questionable under Supreme Court authority as set forth in *MedImmune, Inc., v. Genentech, Inc.,* 549 U.S. 118 (2007).

In this case, we do not just have threatened action on the part of the arresting agencies, we have actual arrests of law-abiding gun owners due to a confluence of poor training, poorly written statutes and a deliberate indifference to the rights of gun owners.

## **CONCLUSION**

Defendant's Motion to Dismiss should be denied in its entirety and they should be ordered to answer this lawsuit.

In the alternative, the Court should grant Plaintiffs leave to amend their complaint on issues where such amendment would not be futile.

1    Respectfully Submitted on April 2, 2012[4]

2

3         /s/   Donald Kilmer

4    Donald E.J. Kilmer, Jr. (SBN: 179986)
     LAW OFFICES OF DONALD KILMER, A.P.C.
5    1645 Willow Street, Suite 150
     San Jose, California 95125-5120
6    Voice: (408) 264-8489
     Fax: (408) 264-8487
7    Email: Don@DKLawOffice.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    [4]  Plaintiffs' Counsel is in possession of an email from the RPDs consenting to
28   the filing of this opposition memorandum on April 2, 2012 instead of the previously
     agreed to March 30, 2012.

LAW OFFICE OF DONALD KILMER, APC
1645 Willow St., Suite 150, San Jose, CA 95125
Vc: (408) 264-8489  Fx: (408) 264-8487
Don@DKLawOffice.com