STEVEN C. MITCHELL, ESQ., SBN 124644
ROBERT W. HENKELS, ESQ., SBN 255410
GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, California   95404
Telephone:  (707) 545-1660
Facsimile:   (707) 545-1876

Attorneys for Defendants
CITY OF ROHNERT PARK, OFFICER DEAN BECKER (RP134)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN JOHN RICHARDS, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA HARRIS, Attorney General of California (in her official capacity), CALIFORNIA DEPARTMENT OF JUSTICE, CITY OF ROHNERT PARK, OFFICER DEAN BECKER (RP134) and DOES 1 to 20,<br><br>Defendants. | CASE NO.:  CV 11 2493 SI<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS CITY OF ROHNERT PARK AND OFFICER DEAN BECKER'S MOTION TO DISMISS THIRD AND FOURTH CLAIMS FOR RELIEF OF PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT**<br><br>Date: April 20, 2012<br>Time: 9:00 a.m.<br>Ctrm: 10, 19th Floor |

I.

**PLAINTIFFS' OPPOSITION DOES NOT ESTABLISH THAT BRENDAN RICHARDS' ARREST OR THE SEARCH OF HIS VEHICLE VIOLATED CLEARLY ESTABLISHED LAW AND THUS OFFICER BECKER IS ENTITLED TO QUALIFIED IMMUNITY**

Plaintiffs' Opposition does not address the fundamental issue raised by defendants' Motion to Dismiss based on qualified immunity: whether Richards' arrest violated clearly established statutory or constitutional rights. See, *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533, U.S. 194, 202 (2001). Plaintiffs, however, do not set forth any law or statute establishing that, at the time of Brendan Richards' arrest, a reasonable officer would know that a rifle, equipped with a "bullet button" but otherwise similar to an unlawful assault rifle, did not violate California's "vague and ambiguous" Deadly Weapons Statutes. Where, as here, the law under the arresting statute exists in a state of confusion (See, Amended Consolidated Complaint (ACC), ¶102), qualified immunity protects an arresting officer from exposure to civil liability. See, *Rodis v. City, County of San Francisco,* 558 F.3d 964, 970 (9th Cir. 2009). Plaintiffs do not dispute this and indeed the gist of their Complaint is based on claims that "the entire set of laws defining California Assault Weapons is unconstitutionally vague and ambiguous." (ACC, ¶ 35.) Thus, their claims for relief against Officer Becker should be dismissed.

Where plaintiffs do address the law, they either attempt to distinguish controlling law on irrelevant grounds or they simply misstate the law. For example, plaintiffs attempt to distinguish the controlling case *Rodis v. City, County of San Francisco* on the grounds that here, unlike in *Rodis*, the District Attorney filed charges against Richards based upon Officer Becker's report. What the District Attorney decided, however, is not relevant to the issue in dispute, i.e., whether the *arrest* violated clearly established law. In *Rodis*, the 9th Circuit held that the defendant police officers were immune for arresting the plaintiff for possession of a counterfeit bill because the arresting statutes were unsettled. See, *Rodis, supra,* 558 F.3d at 970. Here, just as in *Rodis*, the arresting statute is unsettled and thus, pursuant to that case, qualified immunity applies.

- 1 -

Reply Brief in Support of Defendants City of Rohnert Park and Officer Dean Becker's Motion to Dismiss Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

Plaintiffs also incorrectly argue that government officials "have a duty" to "know the law" and may not simply rely "on their own idea of what the law might be." Whatever the merits of this assertion, it is not relevant here. According to the Supreme Court, the "protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). Thus, whether Officer Becker was mistaken or not is not dispositive.

Similarly, plaintiffs seek to distinguish the search of Richards' vehicle by making up requirements that do not exist. California Penal Code § 25850(a) (formerly, § 12031), prohibits an individual from carrying a loaded firearm "in a vehicle while in *any* public place or on *any* public street in an incorporated city." (emphasis added.). That statute authorizes police officers "to examine any firearm carried by anyone on the person *or in a vehicle* while in a public place" to determine if said firearms are loaded. *Id.* at subdv. (b)(emphasis added). Plaintiffs, however, attempt to add that this statute only prohibits the possession of loaded weapons in "prohibited zones" and only allows for the search of the "passenger compartment" of the vehicle. But the examination at issue here occurred in the City of Rohnert Park at Motel 6 (see, ACC, ¶39), a public place clearly within the meaning of the statute. Also, the statute plainly allows for the examination of firearms located in the trunk of a vehicle. See, *People v. DeLong,* 11 Cal.App.3d 786, 791[where officer knows that firearms are located in trunk of vehicle, statutes permit examination of trunk.] Brendan Richards *told* Officer Becker that he had firearms in the trunk of his vehicle. (ACC, ¶ 40). As defendants argue in the Motion to Dismiss, Officer Becker was entitled to rely on existing law and may not be held to civil damages for complying with § 25850(b). See also, *Pearson v. Callahan, supra,* 555 U.S. at 244-245 [officers entitled to rely on existing law when entering a home without a warrant.]

Dismissal of plaintiffs' claims against Officer Becker is appropriate on the basis of qualified immunity. The Supreme Court has "repeatedly…stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227. Qualified immunity not only confers a right to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery. *Behrens v. Pelletier,* 516 U.S. 299, 308. Moreover, whether the

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

- 2 -
Reply Brief in Support of Defendants City of Rohnert Park and Officer Dean Becker's Motion
to Dismiss Third and Fourth Claims for Relief of Plaintiffs' Amended Consolidated Complaint

facts as alleged support a reasonable belief that his conduct was lawful, or whether the alleged conduct violated clearly established law, are matters of law for the court to decide, and thus there is no reason to delay or defer this determination. *Dunn v. Castro,* 621 F.3d 1196, 1199 (9th Cir. 2010). Here, an assault rifle equipped with a bullet button "looks like a contraband weapon." (see, ACC, ¶28). By plaintiffs' own allegations, the entire law exists in a "state of confusion," and that law "result[s] in the wrongful arrest of innocent gun-owners." (See, *Id.* at ¶102). Under these circumstances, Brendan Richards' arrest did not violate clearly established law and thus, qualified immunity applies.

## II.

### PLAINTIFFS DO NOT ALLEGE FACTS IN THEIR COMPLAINT SUFFICIENT TO STATE A CLAIM AGAINST THE CITY OF ROHNERT PARK THAT IS CONSISTENT WITH *MONELL V. DEPARTMENT OF SOCIAL SERVICES*, 436 U.S. 658 (1978)

In their Opposition, plaintiffs assert, citing to *City of Canton v. Harris,* 489 U.S. 378 (1989), that they may state a claim that is consistent with *Monell* by alleging that the defendant municipality failed to adequately train its employees. Plaintiffs, however, make no such allegations in their complaint. Accordingly, this entire argument must be disregarded and their civil claims against the City of Rohnert Park dismissed.

In any event, the rule enunciated in *City of Canton* applies only in a very "narrow range of circumstances." See, *Connick v. Thompson,* 131 S. Ct. 1350, 1361 (2010). To state a claim under *City of Canton,* "the need for more or different training [must] be *so obvious*, and the inadequacy *so likely* to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, supra,* 489 U.S. at 390(emphasis added). Here, plaintiffs seek from this court an Order declaring that the Deadly Weapons Statutes are unconstitutionally vague and ambiguous. Given such circumstances, they cannot also consistently claim that the City of Rohnert Park's alleged failure to prepare a "bulletin" similar ones provided by County of Orange or the City of Sacramento was so *obvious* that the policy makers at the City of Rohnert Park can be said to have been deliberately indifferent to the need. Thus, even if plaintiffs had pled that defendant failed to adequately train its officers,

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

which they do not, plaintiffs *still* could not state a valid claim for relief.

### III.

### IN ACCORDANCE WITH THE SUPREME COURT IN *CITY OF LOS ANGELES V. LYONS*, 461 U.S. 95 (1983), PLAINTIFFS LACK STANDING TO SUE THE CITY OF ROHNERT PARK AND OFFICER BECKER FOR INJUNCTIVE RELIEF

A plaintiff seeking equitable relief must show "irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, (1983) 461 U.S. 95, 111. These same requirements apply to organizational plaintiffs. See, *San Diego County Gun Rights Committee v. Reno* 98 F.3d 1121, 1126 (9th Cir. 1996). Defendants moved for dismissal of the plaintiffs' claims for equitable relief, then, on the grounds that (1) their complaint failed to allege the existence of a sufficient "irreparable injury" and (2) pursuant to *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 568-570, plaintiffs failed to establish that equitable relief would redress their injury. Since plaintiffs fail to establish these fundamental pre-requisites to establish standing, their claims for injunctive relief must be dismissed.

Plaintiffs fail in their Opposition to adequately address either of defendants' arguments. With respect to the plaintiffs' failure to allege an adequate "real or immediate threat" that they will be wronged by *defendants* again, they simply assert, without any analysis or explanation, that three other false arrests—none of which were committed by the City of Rohnert Park—"have overtaken the facts" of *City of Los Angeles, supra*. Plaintiffs are presumably referring to their claims, filed in the related cases, that the County of Sonoma and the City of Cotati also made false arrests. Neither of these instances, even if proven, establish that the plaintiffs face a "real or immediate threat" of additional prosecution by *defendants*. Moreover, this claim merely serves to reinforce defendants' argument that plaintiffs cannot establish that equitable relief would redress their alleged injury; any relief provided by this court against the City of Rohnert Park *could not have prevented any of these alleged false arrests*. As argued by defendants in their moving papers, the proper form of relief is an order declaring the Deadly Weapon Statutes to be unconstitutional, *not* an order from this court seeking injunctive relief from the City of Rohnert Park.

LAW OFFICES OF GEARY, SHEA, O'DONNELL GRATTAN & MITCHELL P.C.

Furthermore, the cases relied upon by plaintiffs cite do not support their claim that they have organizational standing. *Fair Housing Counsel of San Diego v. Roommate.com, LLC*, 666 F.3d 1216, 1219 (9th Cir. 2012) does not address the "irreparable injury" requirement set forth in *City of Los Angeles v. Lyons* at all. In *Jackson v. City and County of San Francisco*, --F.Supp.2d --- (N.D. Cal., 2011) WL7338242, plaintiffs filed suit against the City of San Francisco alleging that a City of San Francisco ordinance violated the *Second Amendment*. Here, however, plaintiffs are suing the City of Rohnert Park under the *Fourth Amendment* alleging that the City of Rohnert Park's application of a *State statute* violates their right to be free from unreasonable searches and seizures.

Given the facts and alleged violations at issue in this case, *City of Los Angeles* is controlling and thus, plaintiffs lack standing.

## IV.

## CONCLUSION

Plaintiffs' Opposition papers simply do not justify the inclusion of either the City of Rohnert Park or Officer Dean Becker in their lawsuit seeking to declare the Deadly Weapons statutes unconstitutional. The very allegations contained therein establish that Officer Becker has qualified immunity from civil liability, and plaintiffs lack standing to seek injunctive relief against the Rohnert Park Defendants. The proper defendant in plaintiffs' suit, if one exists, is the entity responsible for establishing state law, the State of California. Accordingly, defendants City of Rohnert Park and Officer Dean Becker respectfully request that this Court dismiss them from this lawsuit with prejudice.

DATED: April 6, 2012

GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.

By _____
ROBERT W. HENKELS
Attorneys for Defendants
CITY OF ROHNERT PARK, OFFICER DEAN BECKER (RP134)